IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARKEON LARELL JAMES SEALS,      )
     )
     Plaintiff,      )
     )
     v.      )      1:26CV504
     )
WARDEN OF SCOTLAND      )
CORRECTIONAL INSTITUTION et al.,      )
     )
     Defendant(s).      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former prisoner of the State of North Carolina now incarcerated in Delaware, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Complaint names two correctional officers, Sergeant Taylor and Officer Doctor, as Defendants on the basis that they refused to intervene when another inmate attacked Plaintiff with a homemade knife and severely injured him. It also lists Unit Manager Locklear and the "Warden of Scotland CI" as Defendants. As to those Defendants, the Complaint alleges only that Defendant Locklear was informed of the attack and of threats of violence and that the Defendant Warden failed to provide safe housing for transgender inmates. The Complaint requests a total of $290,000 in damages as relief.[1]

---

[1] Plaintiff notes in his Complaint that he previously filed similar claims in a prior case, 1:25CV886, and indicates that the case may still be pending. This is incorrect. Plaintiff filed that case while incarcerated in North Carolina. The Court screened the case and allowed portions of it to proceed subject to Plaintiff paying an initial partial filing fee. However, he did not make that payment, resulting in a recommendation that the case be dismissed without prejudice for noncompliance. Multiple mailings to Plaintiff at the address
(continued...)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals

_____

[1](...continued)
he had provided were then returned as undeliverable and the case was dismissed. The Court reminds Plaintiff that he must keep the Court promptly informed of any changes in his address going forward.

of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id.[2]

Also, the final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies

to situations in which doctrines established by the United States Constitution or at common

law immunize governments and/or government personnel from liability for monetary

damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984)

(discussing sovereign immunity of states and state officials under Eleventh Amendment);

Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983

and common-law immunity doctrines, such as judicial, legislative, and prosecutorial

immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where

"damages are theoretically available under [certain] statutes . . ., in some cases, immunity

doctrines and special defenses, available only to public officials, preclude or severely limit

the damage remedy").

For the reasons that follow, some portions of the Complaint should proceed but others

should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on

---

[2]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

which relief may be granted or seek monetary damages from defendants with immunity from such relief.

As an initial matter, the Complaint contains checked boxes indicating that Plaintiff seeks to name Defendants Sergeant Taylor and Officer Doctor in both their individual and official capacities, but Defendants Unit Manager Locklear and Warden of Scotland CI in only their official capacities. (Docket Entry 2, § I(B).) It seeks damages as relief. (Id. § VI.) A suit against state officials in their official capacity is a suit against the State or the official's agency. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Although a state official can be named in his or her official capacity, the Eleventh Amendment to the United States Constitution limits any relief to a prospective injunction to remedy an ongoing violation of federal law. McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010). The present Complaint seeks no such relief, but requests only damages. Plaintiff's official capacity claims should be dismissed for this reason.

As for the individual capacity claims contained in the Complaint, Plaintiff alleges claims against Defendants Taylor and Doctor for failing to prevent or stop the assault on Plaintiff that are sufficient to proceed at this time. As noted above, the Complaint does not appear to raise any individual claims against Defendants Locklear and the Warden of Scotland CI. However, it does contain conclusory allegations that Defendant Locklear was informed of the assault and of threats and that the Defendant Warden failed to provide safe housing for transgender inmates. To the extent that these allegations may be an attempt to raise individual capacity claims against these Defendants, not only are these allegations conclusory, they are

-4-

insufficient to establish liability for the assault. There is a general duty on the part of prison officials to protect inmates from assaults by other inmates. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, not every assault gives rise to a constitutional violation on the part of prison or jail officials. Instead, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials demonstrated deliberate indifference to the inmate's health and safety. Id. The Complaint contains no allegations that Defendants Locklear and the Warden knew of any prior specific threat to Plaintiff by the inmate that assaulted him or of any other specific conditions that would support liability under § 1983 for the assault. Finally, to the extent Plaintiff may seek to name Defendants Locklear and the Warden based on their positions as supervisors, this is not proper because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Therefore, the Complaint fails to state any claims for relief against Defendants Locklear and the Warden. Only the individual capacity claims against Defendants Taylor and Doctor should proceed.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment if funds for such a payment exist. Plaintiff's *in forma pauperis* application reveals that they do not. Therefore, the Court will not order any payment but will instead order that Plaintiff's custodian deduct payments from Plaintiff's prison trust account as they become available.

-5-

IT IS THEREFORE RECOMMENDED that Plaintiff's individual capacity claims against Defendants Taylor and Doctor be allowed to proceed but that all other claims be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted or for seeking seek monetary damages from defendants with immunity from such relief .

IT IS ORDERED that Plaintiff in the above-named action be, and is hereby, permitted to file and prosecute said action in this Court without prepayment of fees or giving security therefor, subject to the conditions set forth below.

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding in forma pauperis, Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July of 2026, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:26CV504, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina.  In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution.  A copy of this Order shall be sent to Plaintiff's current custodian.

-6-

IT IS FURTHER ORDERED that the Clerk shall prepare and file a request for waiver of service for Defendants Taylor and Doctor and proceed under the process for service set out in Standing Order 19 of this Court.

This, the 3rd day of June, 2026.


                              /s/ L. Patrick Auld
                          **L. Patrick Auld**
                    **United States Magistrate Judge**


-7-